UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDITH A.,

     Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY

     Defendant.

Case No. 3:17-cv-05950-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is reversed and remanded.

On September 4, 2014, plaintiff applied for disability insurance and SSI benefits. Dkt. 10, Administrative Record (AR) 19. She alleges she became disabled beginning December 21, 2013. *Id.* The Commissioner denied the applications on initial administrative review and on reconsideration. AR 19.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 1

Following a hearing, an administrative law judge (ALJ) employed the Commissioner's five-step sequential evaluation process to find plaintiff could perform other jobs existing in significant numbers in the national economy at step five of that process, and therefore that she was not disabled at that step. AR 19-35. Plaintiff appeals that decision, seeking reversal and remand for further administrative proceedings.

## DISCUSSION

### A. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation may be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. Where the evidence is sufficient to support more than one outcome, the Court should uphold the ALJ's decision. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and

evidence that does not support the ALJ's conclusion. *Id.* at 1009. The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Only the reasons the ALJ identified are considered in the scope of the Court's review. *Id.*

B. <u>ISSUES FOR REVEW</u>

    1. Did the ALJ err in evaluating the medical evidence?

    2. Did the ALJ err in evaluating plaintiff's testimony?

    3. Did the ALJ err in evaluating the lay witness evidence?

    4. Did the ALJ err in assessing plaintiff residual functional capacity?

    5. Did the ALJ err in finding plaintiff could perform other jobs?

C. <u>DISCUSSION</u>

    1. *Evidence of Opinions re: Mental and Physical Conditions and Impairments*

An ALJ must give "clear and convincing" reasons supported by substantial evidence to reject a treating or examining physician's uncontradicted opinion. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even where contradicted, the ALJ may reject an examining physician's opinion only by providing "specific and legitimate" reasons that are supported by substantial evidence. *Id.* The same applies to the opinion of an examining psychologist. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 & n.7 (9th Cir. 1995) (opinions of "physicians" include those from psychologists and other "acceptable medical sources"[1])).

The ALJ can meet this requirement by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his or her interpretation thereof, and making findings. *Revels*, 874 F.3d at 654. The ALJ generally must weigh an examining physician's opinion more

---

[1] "Acceptable medical sources" include licensed physicians and licensed or certified psychologists. 20 C.F.R. § 404.1502(a); 20 C.F.R. § 416.902(a); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *1.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 3

heavily than a non-examining (reviewing) physician's. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

The ALJ need not discuss every item of evidence presented, *Hiller v. Astrue* 687 F.3d 1208, 1212 (9th Cir. 2012). But the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995). The ALJ may reject a physician's opinion if it is "brief, conclusory, and inadequately supported" by objective medical findings or "the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

    a.  *Examining Psychologist Kimberly Wheeler, Ph.D.*

Kimberly Wheeler, Ph.D., evaluated plaintiff in December 2014. Dr. Wheeler determined that plaintiff was moderately to markedly limited in a number of mental functional categories. AR 445, 521.

The ALJ gave Dr. Wheeler's opinion little weight because the ALJ found the opinion was inconsistent with Dr. Wheeler's own clinical findings. AR 31. According to the ALJ's decision, Dr. Wheeler found plaintiff was articulate, had a generally normal affect, and exhibited intact memory, fund of knowledge, and abstract reasoning. AR 26, 31, 446-47.

Yet, as plaintiff points out, other findings Dr. Wheeler noted—heart-racing anxiety, feeling nervous inside, feeling distracted and overwhelmed, along with sadness, tears, anxious mood, fearful thought content, and mixed concentration (AR 444-47)—are consistent with Dr. Wheeler's opinion. An ALJ may not reject a medical source opinion because it is based on the claimant's self-reports when the medical source analyzes those self-reports using objective measures. In *Buck v. Berryhill*, the court held that the ALJ erred when he discounted the examining physicians opinion on the basis that the "opinion was based in part on [the claimant's]

self-report" because the examining doctor "also conducted a clinical interview and a mental status evaluation." 869 F.3d 1040, 1049 (9th Cir. 2017). The court held that the interview and mental status evaluation were "objective measures and cannot be discounted as a 'self-report.'" *Id.*

In addition, the report of a psychiatrist or psychologist may appear to be subjective and based largely on the self-reports of a patient. Yet partial reliance on self-reported symptoms is to be expected as part of the practice of psychology or psychiatry. *Buck*, 869 F.3d at 1049.

The United States Court of Appeals for the Ninth Circuit has also held that cycles of improvement and worsening symptoms are common for mental illness. *Garrison v. Colvin,* 759 F.3d 995, 1016-1018 (9th Cir. 2014). Dr. Wheeler's observations in examination notes of mixed behavior and symptoms—that the plaintiff in some respects appeared to be stable, and at other times appeared anxious and sad—should not be considered, as a matter of law, to be inconsistent with the evaluation findings. Although the ALJ did not specifically state that Dr. Wheeler's opinion was being discounted due to reliance on plaintiff's statements during the evaluation, the Court may reasonably infer that this was part of the ALJ's reasoning. The ALJ's determination discounting Dr. Wheeler's opinion was not sufficiently supported.

    b.  *Examining Physician Ron Nielsen, M.D.*

Examining physician Ron Nielsen, M.D., opined in early December 2014 that plaintiff could stand and walk up to two hours at a time with occasional breaks, and up to six hours in an eight-hour workday. AR 439. He opined that plaintiff had no objective sitting limitations, though she was subjectively limited by pain. *Id.* Dr. Nielsen limited her to lifting and carrying 20 pounds occasionally and 10 pounds frequently. *Id.* He found no limitations regarding postural, manipulative, or workplace environmental activities. *Id.* at 440.

1       The ALJ gave some weight to Dr. Nielsen's opinion. AR 31. Plaintiff argues the ALJ failed to acknowledge examination findings support her testimony concerning her physical limitations. But where more than one rational interpretation can be drawn from the evidence, the Court must uphold the ALJ's interpretation. *See Orn*, 495 F.3d at 630.

      The Court finds no error here. The ALJ correctly noted the objective findings are fairly minimal. AR 437-38. The limitations the ALJ adopted also generally match those Dr. Nielsen assessed. AR 24, 439-40. Thus, to the extent plaintiff alleges greater limitations than the ALJ found, Dr. Nielsen's opinion contradicts that claim.

      c.    *Examining Psychologist Terilee Wingate, Ph.D.*

      Examining psychologist Terilee Wingate, Ph.D., opined in December 2014 that plaintiff: could understand, remember, and learn some complex tasks; had difficulty sustaining concentration to tasks throughout a daily or weekly work schedule; had poor stress tolerance and was likely to withdraw when under pressure; may not always make good decisions in a work setting; and probably could get along with a few coworkers. AR 452.

      The ALJ gave "some weight to Dr. Wingate's opinion to the extent it is consistent with" plaintiff's RFC. AR 32. Plaintiff faults the ALJ for discounting Dr. Wingate's opinion as being inconsistent with a predetermined RFC assessment. Dkt. 14, p. 7 (citing *Laborin v. Berryhill*, 867 F.3d 1151, 1154-55 (9th Cir. 2017)).

      In *Laborin*, the ALJ discredited the plaintiff's statements concerning his symptoms "to the extent they are inconsistent with" the plaintiff's RFC. 867 F.3d at 1154. The Ninth Circuit reversed because "this flawed boilerplate language" added nothing to the ALJ's RFC or credibility determinations, and the Court could not infer therefrom the ALJ's reasons for discrediting the plaintiff's statements. *Id.* at 1154-55. This Court applies the Ninth Circuit's

holding in *Laborin*, and finds that the ALJ's reasoning in this case was error. Dr. Wingate's evaluation of the plaintiff should not have been discounted as inconsistent with the RFC. On remand, the ALJ must evaluate the opinion of Dr. Wingate without referring to the RFC as a basis for the decision.

      d.  *Other Medical Source Margene D. Fields, ARNP*

Margene Fields, ARNP, examined plaintiff in late November 2014, opining that plaintiff was moderately limited in regard to walking, lifting, carrying, handling, stooping, and crouching, and restricted to sedentary work. AR 433-34, 575-77. The ALJ gave Ms. Fields' opinion only limited weight, finding it to be inconsistent with "the minimal objective evidence in the record." AR 31. Plaintiff argues pain and swelling in her fingers and hands and decreased handgrips observed by ARNP Fields in a treatment supports that opinion. *See* AR 576.

The opinions of other medical sources "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *3. An ALJ may reject medical opinion evidence if it is inadequately supported by clinical findings or the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

ARNP Fields found plaintiff had good hip and lumbar spine range of motion. *Id.* Other objective medical findings in the record, including those related to plaintiff's fingers and hands, are largely similarly benign. *See* AR 437-38, 537, 540, 544-45, 554, 558, 561, 564, 579, 581-82, 585-86, 612, 624. Indeed, Dr. Nielsen found that plaintiff had normal fine motor coordination and intact grip strength. AR 438. The ALJ did not err by giving only limited weight to the opinion of ARNP Fields. *Batson*, 359 F.3d at 1195.

e. *Other Medical Evidence*

Plaintiff summarizes various objective medical findings, arguing those findings are consistent with the above medical opinions as well as her own testimony. Dkt. 14, pp. 7-10.

Plaintiff fails to show how any of the objective findings she cites are linked to or cause actual functional limitations. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); *see also Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (mere diagnosis says nothing about the severity of the diagnosed condition). Plaintiff shows no error.

e. *Non-Examining Medical Source Opinion Evidence*

Plaintiff challenges the ALJ's decision giving great weight to the opinions of non-examining psychologists Leslie Postovoit, Ph.D., and James Baily, Ph.D., who generally found plaintiff had at most moderate mental functional limitations. AR 32, 97-98, 132-34; and plaintiff also challenges the opinion of non-examining physician Wayne Hurley, M.D., who assessed physical functional limitations largely consistent with those the ALJ adopted. AR 24, 32, 130-32.

Because the Court has determined that the ALJ erred in evaluating the medical evidence concerning plaintiff's psychological and psychiatric symptoms, on remand the ALJ should also re-weigh Dr. Postovoit's, and Dr. Bailey's, opinions.

Dr. Hurley's opinion was properly considered by the ALJ, because Dr. Hurley's findings were largely consistent with the physical symptoms that plaintiff testified about, and were also consistent with the other professional analysis of limitations due to plaintiff's fibromyalgia and arthritis. AR 59-65, 439-40. Therefore any error with respect to Dr. Hurley's opinion was harmless. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012).

2. *The ALJ Properly Evaluated Plaintiff's Testimony Regarding Physical Conditions and Impairments; the ALJ Did Not Properly Evaluate Plaintiff's Credibility Regarding Mental Conditions.*

The ALJ "engages in a two-step analysis" when assessing a claimant's credibility regarding subjective pain or symptom intensity. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The ALJ first must determine whether there is objective medical evidence of a mental or physical impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If this test is met and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by providing "specific, clear and convincing reasons" for doing so. *Id.* The credibility determination is an assessment of the claimant's testimony and other statements to "evaluate the intensity and persistence" of the claimant's symptoms; it is not an examination of the claimant's overall "character." *Trevizo*, 871 F.3d at 678 n.5.

"General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim*, 763 F.3d at 1163 (quoting *Lester*, 81 F.3d at 834). The ALJ may use "ordinary techniques of credibility evaluation," such as inconsistencies in the claimant's statements or between the claimant's statements and his or her conduct, any "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and whether the claimant has engaged in activities of daily living "inconsistent with the alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations omitted).

The ALJ in this case discounted plaintiff's allegations of disability as being inconsistent with the objective medical evidence. AR 25-29. As discussed in the preceding section, the ALJ

properly rejected the medical opinion evidence about plaintiff's physical conditions (as opposed to mental health conditions), and this is a valid basis for discounting plaintiff's credibility regarding her physical conditions. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ also found plaintiff's allegations to be less than fully credible because plaintiff had not been forthcoming regarding her substance use. AR 29. Inconsistent statements regarding substance use alone may not be sufficient to undermine plaintiff's credibility. *Molina*, 674 F.3d at 1112.

The ALJ found "a strong suggestion" that inconsistent statements regarding substance use were part of plaintiff's attempt to obtain narcotic pain medication. AR 29. For example, the ALJ noted plaintiff informed treatment providers during one emergency room visit that her primary care provider directed her there to obtain narcotic medications, which according to that care provider was not true. AR 29 (citing AR 537). The ALJ concluded these inconsistent statements suggested plaintiff may have been motivated more by her desire to obtain pain medications rather than by actual pain. *Id.*; *see Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered the likelihood that unbeknownst to the claimant's physicians, the claimant was exaggerating his pain complaints in order to receive medication to feed his addiction).

Plaintiff argues the ALJ's finding is undermined by the fact that she was unable to obtain narcotic pain medications, and yet still described pain symptoms. But the inability to obtain pain medications does not necessarily indicate a lack of attempts to obtain it. The ALJ's interpretation of the record is rational, and therefore will be upheld. *Trevizo*, 871 F.3d at 674-75; *Treichler*, 775 F.3d at 1098.

The ALJ also discounted plaintiff's credibility on the basis of her activities of daily

living. AR 30. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). An ALJ also may rely on daily activities to discount a claimant's credibility if the claimant is able to spend a substantial part of his or her day engaged in activities that are transferable to a work setting. *Id.*

The ALJ noted plaintiff was the primary care provider for her disabled mother. AR30 (citing AR 628). But the record fails describe the nature and extent of plaintiff's activities as her mother's primary care provider. AR 628.

The ALJ pointed as well to the fact that plaintiff lived independently, took care of her daughter's dogs, ran errands, went to the store, and did household chores. AR 30. But again the record fails to show plaintiff performed these activities at frequency or to an extent indicative of an ability to perform them for a substantial part of the day or in a manner transferrable to a work setting. AR 66-67, 69, 320-23, 340-43, 359, 363-66, 436, 450.

Lastly, the ALJ found plaintiff not fully credible because she received unemployment benefits for five and a half months after she lost her job in December 2013. AR 30. Receipt of unemployment benefits "can undermine a claimant's alleged inability to work." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). But where the record does not show plaintiff held herself out as being available for full-time work, this is not a valid basis for discounting her testimony. *Id.*

Plaintiff testified that she applied for various jobs during that time, had "two really good interviews," and would have been able to perform the job if offered one. AR 51-53. There is no indication, though, whether any of the jobs plaintiff applied for were full-time. Because it is not clear that plaintiff was holding herself out as being available for full-time work, this also is not a

valid basis for discounting her credibility.

The United States Court of Appeals for the Ninth Circuit has held that an ALJ commits legal error by failing to recognize that cycles of improvement and worsening symptoms are common for mental illness. *Garrison v. Colvin,* 759 F.3d 995, 1016-18 (9th Cir. 2014). In this case, the plaintiff's testimony about behaviors, drug problems, depression, alcohol abuse, and PTSD symptom—showing the plaintiff in some respects appeared to be stable, and at other times appeared anxious and sad—does not constitute a legally valid reason for discounting her credibility about how she experienced symptoms and limitations due to mental conditions. On remand, the ALJ must re-evaluate the plaintiff's testimony about symptoms of her mental illness(es) and limitations that are related to those symptoms. In addition, any potential relationship between plaintiff's mental illness(es) and alcohol abuse, periods of drug use and abuse and any effects of drug interactions, would be an important ambiguity to be explored with respect to the plaintiff's symptom testimony.

3. *The ALJ Properly Evaluated the Lay Witness Evidence Regarding Plaintiff's Physical Condition; The ALJ Erred by Rejecting Lay Witness Evidence Regarding Plaintiff's Mental Condition(s) and Any Related Limitations.*

The ALJ must take into account lay witness testimony regarding a claimant's symptoms, unless the ALJ expressly rejects the testimony and gives reasons germane to that lay witness for doing so. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Plaintiff's daughter, Ms. Johns, completed an adult function report in which she set forth her observations of plaintiff's symptoms and limitations. AR 339-45. She reported that plaintiff has memory and concentration difficulties, problems using her hands, needs to take breaks when doing household chores because her arms bother her and she experiences frustration easily, is

"down for a few days" at times due to depression, does not handle stress well, and is limited in terms of bending and walking. *Id.*

The ALJ found Ms. Johns' statements indicate that plaintiff is not as limited as alleged, as they show plaintiff is able to watch Ms. Johns' dogs, take short walks, and run errands for her mother. AR 31. But as explained in the previous section, the record fails to show these activities are performed for the substantial part of the day, or to the extent indicative of transferability to a work setting. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) (finding household chores, caring for a cat in one's own home, and occasional shopping outside the home are not similar to typical work responsibilities and are thus are not the type activities that can be readily transferred to a work environment).

Nevertheless, the ALJ's error was harmless. Where the ALJ discusses and rejects the claimant's testimony "based on well-supported, clear and convincing reasons," and the lay witness testimony does not describe limitations beyond those the claimant describes, the Court can be confident that the ALJ's lack of reasons specific to the lay witness for rejecting that witness's testimony is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

Here, the ALJ offered well-supported, clear and convincing reasons for discounting plaintiff's allegations concerning the severity of her physical impairments. Like Ms. Johns, plaintiff testified that she has problems with her hands and arms, difficulties bending, walking, and performing household chores, panic attacks that produce significant mental and physical symptoms, and suicidal thoughts. AR 62-69. The testimony of Ms. Johns was cumulative as to plaintiff's physical conditions.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY BENEFITS - 13

However, with respect to panic attacks, and suicidal thoughts, the ALJ erred. On remand, lay testimony should be reconsidered, for the same reason that plaintiff's testimony about mental conditions and symptoms should be re-evaluated.

4. *The ALJ Did Not Properly Assess Plaintiff's RFC.*

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step five of that process, the ALJ assesses the claimant's residual functional capacity (RFC) to determine whether he or she can make an adjustment to other jobs existing in significant numbers in the national economy. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); 20 C.F.R. §§ 404.1520(e), 416.920(e).

Plaintiff argues the ALJ's RFC assessment is erroneous, because it does not include all of the functional limitations Dr. Wheeler, Dr. Wingate, and Ms. Fields assessed. The ALJ erred with respect to the functional limitations concerning mental health limitations, and that portion of the RFC must be re-evaluated on remand. But the ALJ did not err in rejecting Ms. Fields' assessment concerning plaintiff's physical limitations.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The ALJ erred in discounting the opinions of Dr. Wheeler and Dr. Wingate; therefore on remand, the ALJ must re-evaluate the evidence concerning the plaintiff's mental condition(s). The ALJ is directed to review the evidence from Dr. Wheeler and Dr. Wingate without using the legally erroneous reasoning, while also considering any new evidence of the plaintiff's mental health condition(s) and limitation(s); and then re-consider the RFC assessment as well as step five concerning whether plaintiff could perform other work.

It should be noted that the record shows plaintiff was hospitalized for seven days

concerning a psychiatric episode in November 2016; the psychiatrist who supervised her care noted a history of anxiety (and use of various substances, including alcohol, to cope with the anxiety). AR 643. The ALJ acknowledged this, AR 28-29, but discounted the episode as being purely alcohol-abuse-related. *Id.* A few months prior to this psychiatric in-patient treatment, the plaintiff was evaluated for anxiety and depression as well as knee pain, and the treating physician noted a long history of what might be untreated bipolar disorder. AR 595. In addition, in early 2016 she was evaluated for anxiety and chronic pain, and the Advanced Registered Nurse Practitioner Hilary Walker noted that the plaintiff indicated during intake that multiple drugs had been used by the plaintiff since a Labor and Industries matter in 2009, some prescribed and others not prescribed. AR 591-92. The record as a whole indicates a complex situation over many years, with mental health and substance use behaviors, and possible drug interactions. There is ambiguity in the record concerning the nature and severity of the plaintiff's mental health condition(s), history of drug use (prescribed and not prescribed) and related impairment(s), and this ambiguity should be resolved by the ALJ on remand.

## CONCLUSION

The Commissioner's decision to deny benefits, accordingly, is REVERSED and REMANDED for further administrative proceedings.

Dated this 4th day of March, 2019.

Theresa L. Fricke
United States Magistrate Judge